### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE L. MUSSER, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-09-0151 |
| | : (Judge Caputo) |
| RHODA A. WINSTEAD, *et al.*, | : |
| Respondents | : |

### ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 26, 2009, Diane L. Musser, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging her 2005 Pennsylvania Court of Common Pleas, Dauphin County, convictions for possession with intent to deliver, conspiracy and unlawful possession of drug paraphernalia. (Doc. 1, Petition.) Musser has paid the $5.00 filing fee in this matter. (*Id.*) The Court recently issued an order serving the Petition on the Respondents. Presently before the Court is Musser's Motion for Appoint of Counsel. (Doc. 6.) Musser's motion for counsel is entitled "Motion for Appointment of Counsel under 18 U.S.C. § 3006A". It simply recites that Musser believes the issues raised in her Petition are meritorious and that she is without financial means retain private counsel to represent her in this habeas matter. (Doc. 6.) For the reasons that follow, Musser's motion for appointment of counsel will be denied without prejudice.

There is no constitutional right to counsel in a federal habeas corpus proceeding. See *Coleman v. Thompson*, 501 U.S. 722, 725, 111. S.Ct. 2546, 2551-2552, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. See Rule 8(c) of the Rules Governing Section 2255 Cases. Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Counsel may be appointed, in exceptional cases, where a pro se prisoner in a habeas action has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Reese v. Fulcomer*, 946 F.2d 247, 264-265 (3d Cir. 1991), cert. denied, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992). The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery v. Pinchak*, 294 F. 3d 492, 499 (3d Cir. 2002).

In this case, appointment of counsel is not warranted at this time. The Court has just recently served Respondents with the Petition. A response to Musser's habeas petition has yet to be filed. Furthermore, Musser's motion for counsel, aside from expressing her financial inability to hire a private attorney does not express any other reason for seeking court appointed counsel in this matter. First, she does not advise of any of her own efforts to obtain *pro bono* counsel prior to seeking court

-2-

appointed counsel.  Second, Musser does not claim to suffer from any burden impeding her ability to communicate in English, correspond with the Court, or suffer from any physical or mental illnesses that would suggest, at this point, any "exceptional" circumstances warranting the appointment of counsel in this matter. Finally, any concern Musser may have related to her inexperience as a litigant is unnecessary as her pleadings are measured against the liberal construction of pro se pleadings.  See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Therefore, given the very early procedural status of this case, Musser's request for counsel will be denied without prejudice.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed by Musser.

ACCORDINGLY, THIS 20th DAY OF FEBRUARY, 2009, IT IS HEREBY **ORDERED THAT** Petitioner's Motion for Appointment of Counsel (Doc. 6) is denied without prejudice.

_/s/ A. Richard Caputo_
**A. RICHARD CAPUTO**
**United States District Judge**